No. 21-3218

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT
_____

ANTHONY J. HAMPTON,

Plaintiff-Appellant,

vs.

BAKERY, CONFECTIONERY &
TOBACCO WORKERS AND GRAIN
MILLERS INTERNATIONAL UNION
OF AMERICA, LOCAL 218, AFL-CIO,

Defendant-Appellee
_____

Appeal from the United States District Court
for the District of Kansas

The Honorable Toby Crouse
District Court No. 21-CV-02010-TC-TJT
_____

APPELLANT'S REPLY BRIEF
_____

ALAN V.  JOHNSON, KS. #9992
SLOAN, EISENBARTH, GLASSMAN,
 McENTIRE & JARBOE, L.L.C.
534 S. Kansas Avenue, Suite 1000
TOPEKA, KS  66603
PHONE:    785/357-6311
FAX:         785/357-0152

# **TABLE OF CONTENTS**

**ARGUMENTS AND AUTHORITIES** ...........................................................1

I.     **Mr. Hampton's Complaint States a Facially Plausible Claim Against Local 218 For Breach of the Duty of Fair Representation** ..................................................................................1

    A.     **A Union's Duty of Fair Representation Is Akin To A Trustee's Fiduciary Duty To Its Beneficiaries** .......................1

    Air Line Pilots Ass'n, Int'l v. O'Neill,
        499 U.S. 65, 74 (1991) ...............................................................2

    Aguinaga v. United Food & Commercial Workers Int'l Union.
        993 F.2d 1463, 1471 (10th Cir. 1993) ......................................2

    Garrison v. Cassens Transp. Co.,
        334 F.3d 528, 538 (6th Cir. 2003) .............................................2

    Jelenic v. Campbell Plastics,
        1998 U.S. App. LEXIS 20643 at * 5 (2nd Cir. 1998)...................2

    Marquez v. Screen Actors Guild,
        124 F.3d 1034, 1037 (9th Cir. 1997) .........................................2

    Cox v. Administrator United States Steel & Carnegie,
        17 F.3d 1386, 1408 (11th Cir. 1994); ........................................2

    Schmidt v. International Brotherhood of Electrical Workers
    Local 949
        980 F.2d 1167, 1169 (8th Cir. 1992) .........................................2

II.     **Mr. Hampton's Complaint States A Facially Plausible Claim Against Local 218 For Race Discrimination In Violation Of 42 U.S.C. § 1981**...........................................................................4

    A.     **The Timing Or Sequence of Events is Sufficient to State a Plausible Claim of Race Discrimination**...................4

    McDonnell Douglas Corp. v. Green,
        411 U.S. 792 (1973) ..................................................................5

Plotke v. White,
    405 F.3d 1092, 1101 (10th Cir. 2005) .........................................5

Texas Dep't of Cmty. Affairs v. Burdine,
    450 U.S. 248, 253-54 (1981) ......................................................6

Barone v. United Airlines, Inc.,
    355 Fed. Appx. 169, 180-81 (10th Cir. 2009) .............................7

**CONCLUSION** ........................................................................................7

Kahlik v. United Air Lines,
    671 F.3d 1188, 1192 (10th Cir. 2012) .........................................7

**CERTIFICATE OF COMPLIANCE WITH RULE 32** .....................8

**CERTIFICATE OF DIGITAL SUBMISSION** .................................8

**CERTIFICATE OF SERVICE** ............................................................9

## **ARGUMENTS AND AUTHORITIES**

In its response brief, the defendant/appellee, Bakery, Confectionary & Tobacco Workers and Grain Millers International Union of America, Local 218, AFL-CIO ("Local 218"), has raised two arguments which require a reply from the plaintiff/appellant, Anthony J. Hampton. The first argument relates to the first issue presented in this appeal, and the second argument relates to the second issue presented.

### **I. Mr. Hampton's Complaint States a Facially Plausible Claim Against Local 218 For Breach Of The Duty of Fair Representation**

#### **A. A Union's Duty of Fair Representation Is Akin To A Trustee's Fiduciary Duty To Its Beneficiaries**

Local 218 first contends that a union's duty of fair representation is "vastly different" than a trustee's fiduciary duty to its beneficiaries, arguing:

> Appellant attempts to assert that the Union owed Appellant the same duty as the duty owed by fiduciaries to their beneficiaries. (Opening Brief at 21-22, 31). This is not accurate. While a few courts may have compared the two duties as 'akin' in that they give rise to certain obligations, there are very clear elements to a claim of breach of the duty of fair representation, that are vastly different than claims by beneficiaries against fiduciaries. As such, Appellant's reliance on the Restatement (Second) of Trusts is entirely inappropriate and irrelevant.

(Aplee. Resp. Brief at p. 16) This argument must be rejected for two reasons.

First, the United States Supreme Court itself has declared that a union's duty of fair representation is "akin to the duty owed by other fiduciaries to their

1

beneficiaries." Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 74 (1991). This language was followed by this court in Aguinaga v. United Food & Commercial Workers Int'l Union, 993 F.2d 1463, 1471 (10th Cir. 1993). This language has also been followed by many of the other circuit courts of appeal. See Garrison v. Cassens Transp. Co., 334 F.3d 528, 538 (6th Cir. 2003); Jelenic v. Campbell Plastics, 1998 U.S. App. LEXIS 20643 at * 5 (2nd Cir. 1998); Marquez v. Screen Actors Guild, 124 F.3d 1034, 1037 (9th Cir. 1997); Cox v. Administrator United States Steel & Carnegie, 17 F.3d 1386, 1408 (11th Cir. 1994); Schmidt v. International Brotherhood of Electrical Workers Local 949, 980 F.2d 1167, 1169 (8th Cir. 1992).

Second, in the Air line Pilots decision, the Supreme Court went on to explain:

> The duty of fair representation is thus akin to the duty owed by other fiduciaries to their beneficiaries. For example, some Members of the Court have analogized the duty a union owes to the employees it represents to the duty a trustee owes to trust beneficiaries. See Teamsters v. Terry, 494 U.S. 558, 567-568 (1990); *id*., at 584-588 (Kennedy, J., dissenting). Others have likened the relationship between union and employee to that between attorney and client. See *id*., at 582 (Stevens, J., concurring in part and concurring in judgment). The fair representation duty also parallels the responsibilities of corporate officers and directors toward shareholders. Just as these fiduciaries owe their beneficiaries a duty of care as well as a duty of loyalty, a union owes employees a duty to represent them adequately as well as honestly and in good faith. See, e.g., Restatement (Second) of Trusts § 174 (1959) (trustee's duty of care); Strickland v. Washington, 466 U.S. 668, 686 (1984) (lawyer must render 'adequate

2

> legal assistance'); Hanson Trust PLC v. ML SCM Acquisition Inc., 781 F.2d 264, 274 (CA2 1986) (directors owe duty of care as well as loyalty).

499 U.S. at 74-75. Emphasis added.

The Supreme Court's citation to the Restatement (Second) of Trusts § 174 in the Air Line Pilots decision strongly suggests that the Restatement (Second) of Trusts may properly be looked to for guidance in determining the precise contours of a union's duty of fair representation to employees. See also Cox, 17 F.3d at 1409 [citing to the Restatement (Second) of Trusts § 224(2)].

Here, Mr. Hampton relies on the Restatement (Second) of Trusts § 173, addressing the duty to furnish information. Comment d to § 173 states that a trustee is "under a duty to communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary does not know and which the beneficiary needs to know for his protection in dealing with a third person with respect to his interest." See also § 170(2). Based on these sections of the Restatement (Second) of Trusts, Mr. Hampton plausibly alleges that Local 218 breached its duty of fair representation by failing to inform him of the written statements made by Mr. Jones and Ms. Ramos-Aguirra, or the consequent advisability of signing the Transition Agreement offered to him by Frito-Lay, Inc.

## II. Mr. Hampton's Complaint States A Facially Plausible Claim Against Local 218 For Race Discrimination In Violation of 42 U.S.C. § 1981

### A. The Timing Or Sequence Of Events Is Sufficient To State A Plausible Claim of Race Discrimination

Local 218 further contends that the timing or sequence of events, standing alone, is not sufficient to state a plausible claim of race discrimination under § 1981, asserting:

> Simply alleging 'the timing or sequence of events' without anything more falls far short of what is required for a race discrimination claim to survive a Motion to Dismiss. . . .
>
> While the timing of events leading to an adverse action can provide indirect evidence of discriminatory intent, timing alone is insufficient without some facts to suggest that the adverse action was racially motivated. Barlow v. C.R. England, 703 F.3d 497, 505 (10th Cir. 2012).

(Aplee. Resp. Brief at pp. 22-23)  This contention is without merit for several reasons.

First of all, the plaintiff in Barlow did not argue, in the district court, that the timing or sequence of events leading to his termination raised an inference of race discrimination. Rather, the plaintiff raised this particular argument for the first time on appeal. Accordingly, this court refused to consider this argument, saying:

> . . . Barlow raises for the first time on appeal two additional arguments. First, he says the events leading to the termination of his security position raise an inference of discrimination. Second, Barlow attempts to

4

> argue that an alleged failure to eliminate his position suggests an inference of discrimination, even though he was fired for poor performance and not random reasons.
>
> Even if these allegations sufficed to create an inference of discrimination, Barlow failed to fulfill his burden to establish a prima facie case by pleading them in district court. . . . And, 'absent extraordinary circumstances' which are not shown here, we need not consider arguments raised for the first time on appeal.

703 F.3d at 505-06.

Therefore, contrary to Local 218's argument here, Barlow does not stand for the proposition that "timing alone is insufficient without some facts to suggest that the adverse action was racially motivated." (Aplee. Resp. Brief at p. 23).

Second, this court in Barlow did, in fact, recognize that where the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) is being utilized to show a discriminatory motive, "an inference of discrimination" can be demonstrated "in various ways," including "the timing or sequence of events leading to" the adverse action against the plaintiff. 703 F.3d at 505, quoting Plotke v. White, 405 F.3d 1092, 1101 (10th Cir. 2005). In Plotke, this court had earlier explained the essential purpose served by a prima facie case of discrimination, saying:

> The Supreme Court recognized in McDonnell Douglas that the articulation of a plaintiff's prima facie case may well vary, depending on the context of the claim and the nature of the adverse employment action alleged. [Citations omitted.] The essential purpose served by the prima facie case, however, remains the same and 'serves an important function in the litigation:

5

> it eliminates the most common nondiscriminatory reasons for the plaintiff's [adverse employment action].'

405 F.3d at 1099, quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253-54 (1981).

In Plotke, this court went on to conclude that the plaintiff there had established a prima facie case of discrimination, stating:

> In fact, Dr. Plotke presented ample evidence to permit an inference of discrimination in her dismissal. To satisfy her de minimis prima facie burden, Dr. Plotke only needed to demonstrate that her termination occurred 'under circumstances which give rise to an inference of discrimination.' [Citation omitted.] Courts have enumerated a variety of circumstances that can give rise to an inference of discriminatory motive. . . .

405 F.3d at 1101.

Here, Mr. Hampton has alleged one category of circumstantial evidence which can give rise to an inference of discriminatory motive, namely, "the timing or sequence of events leading to" the adverse action taken against him by Local 218. Consequently, contrary to Local 218's argument, Mr. Hampton has alleged sufficient "facts to suggest that the adverse action was racially motivated." (Aplee. Resp. Brief at p. 23)

Third, the reason why Mr. Hampton has alleged sufficient facts to suggest that the adverse action taken against him by Local 218 was racially motivated is that, under the McDonnell Douglas framework, establishing a prima facie case raises a presumption of racial motivation. As the Supreme Court explained in Burdine:

6

> [T]he prima facie case 'raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.' Establishment of the prima facie case in effect creates a <u>presumption</u> that the [defendant] unlawfully discriminated against the [plaintiff]. If the trier of fact believes the plaintiff's evidence, and <u>if the [defendant] is silent in the face of the presumption</u>, the court must enter judgment for the plaintiff because no issue of fact remains in the case.

450 U.S. at 254. Emphasis added. See also <u>Barone v. United Airlines, Inc.</u>, 355 Fed. Appx. 169, 180-81 (10th Cir. 2009).

Here, Local 218 has not yet filed an answer, and therefore it "is silent in the face of the presumption" of unlawful discrimination raised by Mr. Hampton's prima facie case. This in turn means that under the <u>McDonnell Douglas</u> framework, Mr. Hampton has stated a facially plausible claim against Local 218 for race discrimination in violation of § 1981.

## **CONCLUSION**

For the reasons discussed above, and in Mr. Hampton's opening brief, Mr. Hampton's complaint states facially plausible claims against Local 218 for breach of the duty of fair representation, and for race discrimination in violation of § 1981. This is so because in the context of Mr. Hampton's specific claims, his complaint "give[s] the defendant fair notice of what the . . . [claims are] and the grounds upon which [they] rest." <u>Kahlik v. United Air Lines</u>, 671 F.3d 1188, 1192 (10th Cir. 2012). Accordingly, the dismissal of both of Mr. Hampton's claims against Local 218 must be reversed, and the case remanded to the district court for further proceedings.

## CERTIFICATE OF COMPLIANCE WITH RULE 32

Pursuant to Fed. R. App. Pro. 32(a)(7)(C), I certify that this brief is proportionally spaced and contains 2,402 words. I relied on my word processor to obtain this count, and it is Microsoft Word Office 365.

## CERTIFICATE OF DIGITAL SUBMISSION

No privacy redactions were necessary in this document. The document submitted in digital form is an exact copy of the written document filed with the Clerk. The document is a native PDF document. The digital submission has been scanned for viruses with the most recent version of a commercial virus scanning program, Symantec Endpoint Protection - Antivirus and Antispyware Protection Program, most recently updated March 18, 2022, and, according to the program, is free of viruses.

  s/Alan V. Johnson
Alan V. Johnson, KS #9992
Sloan, Eisenbarth, Glassman,
 McEntire & Jarboe, L.L.C.
534 s. Kansas Ave, Suite 1000
Topeka, Kansas 66603
Telephone   (785) 357-6311
Fax             (785) 357-0152
ajohnson@sloanlawfirm.com

## **CERTIFICATE OF SERVICE**

      I herby certify that on the 18th day of March, 2022, I delivered a copy of the foregoing document via electronic mail to the following parties:

Michael E. Amash
Samantha L. Groark
753 State Avenue, Suite 475
Kansas City, Kansas  66101
mea@blake-uligh.com
slg@glake-uligh.com
ATTORNEYS FOR DEFENDANT

 

        s/Alan V. Johnson
        Alan V. Johnson, KS #9992
        Sloan, Eisenbarth, Glassman,
         McEntire & Jarboe, L.L.C.
        534 s. Kansas Ave, Suite 1000
        Topeka, Kansas 66603
        Telephone   (785) 357-6311
        Fax              (785) 357-0152
        ajohnson@sloanlawfirm.com